Timothy C. PIGFORD,
et al., Plaintiffs,

v.

Ann M. VENEMAN, Secretary, The United States Department of Agriculture, Defendant.

Cecil Brewington, et al., Plaintiffs,

v.

Ann M. Veneman, Secretary, The United States Department of Agriculture, Defendant.

Nos. CIV.A. 97–1978(PLF), CIV.A. 98–1693(PLF).

United States District Court, District of Columbia.

Oct. 29, 2002.

Jacob A. Stein, Stein, Mitchell & Mezines, Alexander John Pires, Jr., Conlon, Frantz, Phelan & Pires, David A. Branch, Anthony Herman, Covington & Burling, Richard Talbot Seymour, Lieff, Cabraser, Heimann & Bernstein, LLP, Washington, DC, J. L. Chestnut, Jr., Chestnut, Sanders, Sanders, Pettaway, Campbell & Albright, Selma, AL, John Michael Clifford, Mona Lyons, Clifford, Lyons & Garde, Caroline Lewis Wolverton, U.S. Department of Justice, Washington, DC, Marcus B. Jimison, Stephon J. Bowens, Durham, NC, Phillip L. Fraas, Washington, DC, for Plaintiffs.

Michael Sitcov, Terry M. Henry, Susan Hall Lennon, U.S. Department of Justice Civil Division, Daniel Edward Bensing, U.S. Department of Justice Federal Programs Branch, Amanda Quester, Federal Trade Commission Bureau of Consumer Protection, David Monro Souders, Weiner Brodsky Sidman & Kider, PC, Elizabeth Goitein, U.S. Department of Justice Civil Division, Washington, DC, for Defendants.

Wyndell Oliver Banks, Washington, DC, for Non party.

Randi Ilyse Roth, St. Paul, MN, Pro se.

John Wesley Davis, Washington, DC, James W. Myart, Jr., Law Offices of James W. Myart, Jr., & Associates, San Antonio, TX, Stephon J. Bowens, Durham, NC, Gerald Robert Lear, Arlington, VA, for Claimants.

Evans M. Folins, Los Valores, CA, Pro se.

Dennis Charles Sweet, Lanston, Frazer, Sweet & Freese, Jackson, MS, Ford C. Ladd, Alexandria, VA, for Movants.

Evelyn M. Coleman, Hazlehurst, MS, Pro se.

Willie S. Maymon, Rolling Fork, MS, Pro se.

Colie Dixon, Sr., Georgetown, MS, Pro se.

L. D. Maymon, Hazlehurst, MS, Pro se.

Lois S. Clark, Wesson, MS, Pro se.

Curtis Dixon, Jackson, MS, Pro se.

Linda Catching, Hazlehurst, MS, Pro se.

Henry A. Vaughn, Hazlehurst, MS, Pro se.

Floria A. Vaughn, Hazlehurst, MS, Pro se.

Marilynn Stewart, Jackson, MS, Pro se.

Ezra McNair, Crystal Springs, MS, Pro se.

Grover Miller, Georgetown, MS, Pro se.

Geraldstine Miller, Georgetown, MS, Pro se.

Larry D. Barnes, Harrisville, MS, Pro se.

Edith Lomax–Barnes, Crystal Springs, MS, Pro se.

Daryl Brentr, Pinola, MS, Pro se.

Harold B. Dixon, Hazlehurst, MS, Pro se.

Larry Garrett, Georgetown, MS, Pro se.

Velma J. Collins, Hazlehurst, MS, Pro se.

### ORDER

PAUL L. FRIEDMAN, District Judge.

WHEREAS, the Consent Decree in this case provides that the Monitor may direct the Facilitator, Adjudicator, or Arbitrator to reexamine a claim where the Monitor finds that a clear and manifest error has occurred in the screening, adjudication, or arbitration of a claim and has resulted or is likely to result in a fundamental miscarriage of justice;[1] and

WHEREAS the Monitor's appointment is scheduled to expire on March 1, 2005; and,

WHEREAS, the Order of Reference issued by this Court on April 4, 2000, further defines the petition for Monitor review process, but does not set deadlines regarding that process; and

WHEREAS, a Stipulation and Order issued by this Court on July 14, 2000, established a deadline for the filing of Monitor petitions from wholly or partially adverse decisions under Track A or Track B; and

---

1. Consent Decree, paragraph 12(b)(iii).

WHEREAS, the Adjudicator and Arbitrator have implemented procedures for giving each claimant notice of the 120–day deadline from their decisions under Track A or Track B; and

WHEREAS, the Consent Decree also permits petitions for Monitor review of decisions made by the Facilitator in the class membership screening process; and

WHEREAS, it is important that all claimants who wish to file petitions for Monitor review from Facilitator decisions complete their filings in a timeframe that will allow resolution of their claim before the expiration of the Monitor's appointment; and,

WHEREAS, the Facilitator reports the following class membership screening activity as of August 6, 2002:

1. Approximately 138,911 individuals made inquiries regarding the claims procedure;

2. Approximately 34,179 individuals requested blank Claim Sheets and Election Forms ("claim packages"), and had the blank claim packages sent to them, but never returned them to the Facilitator; [2]

3. Approximately 76,654 individuals requested blank claim packages but were never sent them, because the claim filing deadline had passed and the parties agreed that packages should not be sent; [3]

4. Approximately 3,320 putative class members returned incomplete claim packages to the Facilitator, and, upon notice of the deficiency in the claim

package and a chance to cure, successfully cured the deficiency; [4]

5. Approximately 1,255 putative class members returned incomplete claim packages to the Facilitator, and, upon notice of the deficiency in the claim package and a chance to cure, failed to cure the deficiency;

6. Approximately 21,766 putative class members sent the Facilitator complete claim packages which were accepted by the Facilitator in the screening process; and

7. Approximately 129 putative class members sent the Facilitator complete claim packages which were rejected by the Facilitator in the screening process; and

WHEREAS, several thousand claims are currently pending for resolution in the Monitor petition process; and

WHEREAS, in cases in which no completed claim package was ever filed, there is no cognizable claim within the meaning of Consent Decree paragraph 12(b)(iii); and

WHEREAS, the parties agree it is important to provide notice concerning the Facilitator decisions that may be the subject of a petition for Monitor review; and

WHEREAS, the parties agree it is important to provide notice concerning the process for petitioning for Monitor review from Facilitator class membership screening decisions where the Facilitator determined a claim package was complete and rejected the claim on the ground that the claimant failed to meet the class membership screening criteria;

---

**2.** This number does not screen out duplicate requests from individuals.

**3.** Most of these individuals were sent a package of materials regarding the filing of a late claim affidavit (request for permission to file late under paragraph 5(g) of the Consent Decree).

**4.** This includes more than 1,000 claimants who filed timely claim packages but cured their deficiencies after the deadline set in ¶ 5(c) of the Consent Decree but who were deemed timely by the July 14, 2000, Stipulation and Order.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. Any party who filed a complete claim package and received a wholly or partially adverse decision from the Facilitator in the screening process as of the date of this Order shall have 120 days from the date of this Order to petition the Monitor for review under paragraph 12(b)(iii) of the Consent Decree. Any party who filed a complete claim package and receives a wholly or partially adverse decision from the Facilitator in the screening process after the date of this Order shall have 120 days from the date of the Facilitator's class membership screening decision to petition the Monitor for review under paragraph 12(b)(iii) of the Consent Decree.

2. There shall be no Monitor review of cases in which the Facilitator rejected the putative class member's claim package because the putative class member failed to timely complete a claim package after notice of the defect and an opportunity to cure.[5]

3. The Facilitator shall promptly establish a reconsideration process through which claimants can communicate with the Facilitator if they believe the Facilitator committed error in determining that they failed to timely complete a claim package after notice of the defect and an opportunity to cure.

4. In cases in which the Facilitator received timely, complete claim packages and rejected the claim on the ground that the claimant failed to meet the class membership screening criteria, the claimant shall have the opportunity to petition for Monitor review in accordance with the Consent Decree and the Order of Reference.

5. The Monitor may consider additional materials with a Petition for Monitor Review of a Facilitator class membership screening decision or with a response to such Petition only when such materials address a potential flaw or mistake in the claims process that in the Monitor's opinion would result in a fundamental miscarriage of justice if left unaddressed. The decision to consider additional materials regarding this flaw or mistake and to permit those materials to be made part of the record for review upon reexamination by the Facilitator is within the discretion of the Monitor.

6. Any claimant who is rejected by the Facilitator in the class membership screening process after filing a complete claim package shall be entitled to file only one petition for review of the Facilitator's decision under paragraph 12(b)(iii) of the Consent Decree, and neither the Monitor's decision on the petition for review, nor the decision of the Facilitator upon reconsideration shall be subject to further review of any type in any forum.

7. Copies of this Order shall be: (a) posted in a conspicuous public place in every USDA Farm Services Agency county office; and (b) mailed by the Facilitator to every person who was rejected by the Facilitator in the screening process, along with a letter from the Facilitator explaining the Order.

SO ORDERED.

---

5. The Stipulation and Order of July 14, 2000, provided in its first numbered paragraph that certain claim packages that were timely filed but corrected and resubmitted after the paragraph 5(c) deadline are to be deemed timely. The Facilitator should not have rejected the claimants who are the subject of that paragraph. All of the provisions of the July 14, 2000, Stipulation and Order continue in full force and effect, and are not modified by this Order.